USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
UNITED STATES OF AMERICA      :     **NOTICE OF INTENT TO**
                              :     **REQUEST JUDICIAL REMOVAL**
        v.                    :
                              :     Criminal Docket No. S1 21 Cr. 295 (AT)
SVETLANA VAIDOTIENE,          :
                              :
                Defendant.    :
                              :
------------------------------X

NOTICE IS HEREBY GIVEN TO SVETLANA VAIDOTIENE ("the defendant") and to her attorney of record herein, Benjamin Zeman, Esq., that upon conviction of the defendant for the offense of Conspiracy to Commit Bank Fraud, in violation of Title 18, United States Code, Section 1349, the United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to Section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated: New York, New York
       January 13, 2023

                                    DAMIAN WILLIAMS
                                    United States Attorney
                                    Southern District of New York

                              By:   _____
                                    Sarah Lai
                                    Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA

v.

SVETLANA VAIDOTIENE,

               Defendant.

------------------------------X

**FACTUAL ALLEGATIONS IN SUPPORT OF JUDICIAL REMOVAL**

Criminal Docket No. S1 21 Cr. 295 (AT)

NOTICE IS HEREBY GIVEN TO SVETLANA VAIDOTIENE ("the defendant") and to her attorney of record herein, Benjamin Zeman, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States,

2. The defendant is a native and citizen of the Republic of Lithuania.

3. On or about April 8, 2022, the defendant was paroled into the United States at or near John F. Kennedy Airport for the purpose of criminal prosecution, pursuant to Section 212(d)(5) of the Immigration and Nationality Act of 1952, as amended, ("the Act").

4. At the time of sentencing in the instant criminal proceeding, the defendant was convicted in the United States District Court, Southern District of New York, of the following offense: Conspiracy to Commit Bank Fraud, in violation of Title 18, United States Code, Section 1349.

5. The above-mentioned offense carries a maximum term of 30 years' imprisonment.

6. The defendant is subject to removal from the United States pursuant to Section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted

of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; and Section 212(a)(7)(A)(i)(1) of the Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under Section 211(a) of the Act.

WHEREFORE, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), the United States of America requests that the Court order the defendant removed from the United States to the Republic of Lithuania.

Dated: New York, New York
January 13, 2023

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: _____
Sarah Lai
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :

UNITED STATES OF AMERICA   :  **DEFENDANT'S PLEA STATEMENT**
                                   **IN SUPPORT OF JUDICIAL**
     v.                        :  **REMOVAL**

SVETLANA VAIDOTIENE,       :  Criminal Docket No. S1 21 Cr. 295 (AT)

                  Defendant.   :

------------------------------X

      SVETLANA VAIDOTIENE, defendant in the above-captioned criminal proceeding, hereby states as follows:

      1.     My true and correct name is SVETLANA VAIDOTIENE.

      2.     I received a Notice of Intent to Request Judicial Removal ("Notice"), dated January 11, 2023. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended (the "Act"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

      3.     I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated January 11, 2023.

      4.     I hereby waive my right, pursuant to Section 238(c)(2)(B) of the Act, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

      5.     My rights in a judicial removal proceeding have been fully explained to me by my attorney, Benjamin Zeman, Esq. After consultation with my counsel and understanding the legal consequence of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238(c)(2) of the Act, 8 U.S.C. § 1228(c)(2), and further waive

any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including the right to examine the evidence against me, present evidence on my own behalf, and cross examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

6. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

7. I hereby concede that I am removable from the United States pursuant to Section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; and Section 212(a)(7)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission, was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under Section 211(a) of the Act.

8. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the Act, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article II] of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-1 7; cancellation of removal; adjustment of

status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the Act, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible protection or relief from removal available under the Constitution, laws or treaty obligations of the United States.

9. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the Act, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in the Republic of Lithuania and have no present fear of persecution in the Republic of Lithuania ("Lithuania"), the country of my citizenship. I further acknowledge that I have not been tortured in Lithuania and have no present fear of torture in Lithuania, the country of my citizenship.

10. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

11. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the Act, 8 U.S.C. § 1253.

12. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through

the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S, government.

13. I will accept a written order issued by this Court for my removal from the United States to Lithuania, and |waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

1.17.23
Date

1.17.23
Date

_____
Defendant's Signature

_____
Attorney for the Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

UNITED STATES OF AMERICA

v.

SVETLANA VAIDOTIENE,

                Defendant.

------------------------------------------------X

**CONCURRENCE OF
UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT**

Criminal Docket No. S1 21 Cr. 295 (AT)

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

Dated: New York, New York

       JAN 1 3 2023

William P. Joyce
Acting Field Office Director
U.S. Immigration and Customs Enforcement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
              :
UNITED STATES OF AMERICA     **ORDER OF JUDICIAL REMOVAL**
              :
      v.         Criminal Docket No. S1 21 Cr. 295 (AT)
              :
SVETLANA VAIDOTIENE,
              :
        Defendant.
              :
-------------------------------X

       Upon the application of the United States of America, by Sarah Lai, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of SVETLANA VAIDOTIENE (the "defendant"); and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1.     The defendant is not a citizen or national of the United States.

2.     The defendant is a native and citizen of the Republic of Lithuania ("Lithuania").

3.     On or about April 8, 2022, the defendant was paroled into the United States at or near New York, NY.

4.     At the time of sentencing in the instant criminal proceeding, the defendant was convicted in the United States District Court, Southern District of New York, of the following offense: conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349.

5.     The above-mentioned offense carries a maximum term of 30 years' Imprisonment.

6.  The defendant is subject to removal from the United States pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended (the "Act"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as a noncitizen who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; and Section 212(a)(7)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under Section 211(a) of the Act.

7.  The defendant has waived her right to notice and a hearing under Section 238(c) of the Act, 8 U.S.C. § 1228(c).

8.  The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

9.  The defendant has designated the Republic of Lithuania as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon her release from confinement, or, if the defendant is not sentenced to a term of imprisonment,

promptly upon her sentencing, and that the defendant be ordered removed to the Republic of Lithuania.

Dated: New York, New York
January __17__, 2023

_____
THE HONORABLE ANALISA TORRES
UNITED STATES DISTRICT JUDGE